THE STATE OF MONTANA ON THE RELATION OF ROBERT L. WOODAHL, ATTORNEY GENERAL OF THE STATE OF MONTANA, AND THE CURRENTLY EMPANELLED GRAND JURY OF LEWIS AND CLARK COUNTY, STATE OF MONTANA, RELATORS, *v.* THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF LEWIS AND CLARK, AND THE HONORABLE GORDON R. BENNETT, PRESIDING JUDGE, RESPONDENT.

No. 13079.
Decided July 3, 1976.
553 P.2d 970.

See also, Mont., 553 P.2d 971.

ORDER QUASHING ALTERNATIVE WRIT OF PROHIBITION AND ORDER SETTING ADVERSARY HEARING

In the above entitled matter, the attorney general and the cur-

rently empanelled grand jury of Lewis and Clark County have petitioned this Court for a writ of supervisory control to:

(1) Set aside a district court order of July 2, 1975, granting an alternative writ of prohibition against petitioners; and

(2) Disqualify the presiding judge and order the substitution of another judge to preside in all future grand jury proceedings.

This unique and unprecedented application is bottomed on the issuance of an alternative writ of prohibition issued ex parte by the Honorable Gordon R. Bennett on July 2, 1975:

"The petitioner having filed herein a verified petition by and through his attorney for certain relief pending his appearance before the Grand Jury of Lewis and Clark County, State of Montana, and it appearing to the Court of affidavit and petition that there is no speedy, plain or adequate remedy at law and that serious and substantial issues are raised to determine whether the Grand Jury and the Attorney General's office are acting in excess of jurisdiction and contrary to United States Constitution and Montana Constitution and the statutes in such cases made and provided, and it appearing that the witness will be obligated to appear before the Grand Jury on July 2, 1975, at 9 ·o'clock A. M., unless restrained and prohibited by the Court will be required to respond to said subpoena, and good cause appearing therefore:

"IT IS HEREBY ORDERED that the Grand Jury and Robert L. Woodahl and representatives of his staff be and they are hereby restrained and prohibited from enforcing the provision of such subpoena heretofore issued to petitioner or to require him to appear and testify before the Grand Jury pending final determination of these issues by the Court.

"IT IS FURTHER ORDERED that copies of the petition and this Order be served upon the Attorney General and the Grand Jury forthwith and that they and each of them appear and show cause on the 11th day of July, 1975, at 10:00 a. m., why the relief as prayed for in the petition should not be made permanent.

"You and each of you will govern yourself accordingly."

The application for the writ of prohibition in the district court was by an undisclosed petitioner in the words and on the affidavit of an attorney. From the file it appears:

(1) The application was made on "knowledge and information and belief" of petitioner's attorney.

(2) The application on its face was not issued on behalf of the person beneficially interested.

This Court has examined the file and after due consideration ORDERS:

■ (1) The alternative writ of prohibition previously quoted is hereby peremptorily quashed, set aside and held for naught. Copies of this order and petition and supporting papers shall be served on the district judge and Charles F. Moses, attorney at law, forthwith.

(2) On the application to disqualify the presiding judge, this Court orders that an adversary hearing be had to determine the legal question of whether a justiciable issue is presented, viz. whether a presiding judge in a grand jury proceeding can be disqualified by petition of the grand jury and the attorney general.

Copies of this order shall be served by the attorney general on the district judge, and furnished to the grand jury. The adversary hearing desired is set for the 7th day of July, 1975, at 1:30 p.m. District Judge Gordon R. Bennett may appear through counsel of his own choosing or through the county attorney of Lewis and Clark County.

## ORDER AFTER HEARING

In this original proceeding our order of July 3, 1975, ordered an adversary hearing be had to determine the legal question of whether a justiciable issue was presented as to whether or not a presiding judge in a grand jury proceeding can be disqualified.

■ A hearing has been held, oral argument and a statement presented, and the matter taken under advisement. The Court

now being advised, in its judgment the facts do not present a justiciable issue and therefore the relief sought is denied.

MR. CHIEF JUSTICE JAMES T. HARRISON (dissenting).

I dissent because I feel that for the benefit of all concerned the presiding judge should be told to step aside and thus restore harmony in this judicial proceeding.